NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar No. 13644
PATRICK BURNS
Nevada Bar No. 11779
United States Attorney's Office, District of Nevada
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336/Fax: (702) 388-6418
John.P.Burns@usdoj.gov

*Representing the United States of America*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:19-CR-00315-JAD-NJK |
| vs. | **STIPULATION FOR A PROTECTIVE ORDER** |
| **GINA MARCKS,**<br> a/k/a "Gina Toscano,"<br> a/k/a "Gina Melwani,"<br> a/k/a "Gina Marewani,"<br><br>**LADDA BOONLERT,**<br><br>**CHARLES HILL,**<br><br>**WENDI A. MARYNIAK,**<br><br>**ROGER BOND,**<br> a/k/a "Charles Roger Bond,"<br><br>Defendants. | |

The parties, by and through the undersigned, respectfully request that the Court issue an order protecting from disclosure to the public, or any third party not directly related to this case,

any documents, recordings, or other tangible things produced by the government during discovery that contain confidential or personal identifying information of individuals referenced in the discovery. The parties state as follows:

1. The indictment in this case issued on December 10, 2019.

2. Trial is currently scheduled for February 25, 2020.

3. The indictment in this case arises out of an alleged scheme to defraud involving impersonation of IRS and other government officials. The discovery contains significant amounts of alleged victim information, bank and financial account numbers and information, personal identifying information and documents such as driver's licenses, and some tax return and taxpayer information otherwise deemed confidential under 26 U.S.C. § 6103. The release of such information to the public or third parties not involved in the case could endanger the privacy of hundreds of individuals and also subject them to potential misuse of their identities. This confidential information is referred to here as the "Protected Information."

4. In order to protect the privacy of the individuals referenced in the discovery, the parties intend to restrict access to the following individuals: attorneys for all parties, and any personnel that the attorneys for all parties consider necessary to assist in performing that attorney's duties in the prosecution or defense of this case, including investigators, paralegals, retained experts, support staff, interpreters, and any other individuals specifically authorized by the Court (collectively, the "Covered Individuals").

5. The Covered Individuals shall be advised of the Protective Order, and, without leave of Court, the Covered Individuals shall not:

    a. make copies for, or allow copies of any kind to be made by any other person of the Protected Information in this case;

    b. allow any other person to read, listen, or otherwise review the Protected

Information in this case;

c.  use the Protected Information for any purpose other than preparing to defend against or prosecute the charges in the Indictment or any further superseding indictment arising out of this case; or

d.  attach any Protected Information to any of the pleadings, briefs, or other court filings except to the extent those pleadings, briefs, or filings are filed under seal or properly compliant with LR IC 6-1.

6.  The Protected Information shall be segregated from discovery not containing confidential or personal identifying information, and the defendants shall only be permitted to review the Protected Information in the presence of defense counsel who shall retain exclusive possession of the Protected Information. Defense counsel will ensure that any discovery item left with Defendant is fully redacted of any Protected Information.

7.  Nothing in this stipulation is intended to restrict the parties' use or introduction of the Protected Information as evidence at trial or support in motion practice.

8.  The parties shall inform any person to whom disclosure may be made pursuant to this order of the existence and terms of this Court's order.

9.  The parties reserve the right to seek to modify the terms of this protective order at a later time pursuant to Federal Rule of Criminal Procedure 16(d)(1). Should a reasonable need for this protective order cease to exist, on grounds other than a Covered Individual or some other person violating or circumventing its terms, the government will move expeditiously for its dissolution.

/ / /

/ / /

/ / /

10.     The defense hereby stipulates to this protective order.

Respectfully submitted,

For the United States:                    For the Defense:

NICHOLAS A. TRUTANICH
United States Attorney

_____/s/_____              _____/s/_____

PATRICK BURNS                            HEIDI OJEDA
Assistant United States Attorney         Assistant Federal Public Defender
                                         Attorney for DEFENDANT MARCKS


                                         _____/s/_____
                                         MICHAEL J. MICELI, ESQ.
                                         Attorney for DEFENDANT BOONLERT


                                         _____/s/_____
                                         CHRIS T. RASMUSSEN, ESQ.
                                         Attorney for DEFENDANT HILL


                                         _____/s/_____
                                         RUSSELL MARSH, ESQ.
                                         Attorney for DEFENDANT MARYNIAK


                                         _____/s/_____
                                         AMANDA S. GREGORY, ESQ.
                                         Attorney for DEFENDANT BOND


**IT IS SO ORDERED:**

_____                  January 14, 2020
HON. NANCY J. KOPPE                       Date
UNITED STATES MAGISTRATE JUDGE

4