UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No.: 2:19-cr-00315-JAD-NJK |
| Plaintiff | |
| v. | **Order Denying Motion to Reduce Restitution** |
| Ladda Boonlert, | [ECF No. 214] |
| Defendant | |

Ladda Boonlert pled guilty to one charge of conspiracy to commit wire fraud and one count of aggravated identity theft, and I sentenced her to 30 months in custody, 1 year of supervised release, and $2,057,465.39 in restitution. Boonlert moves to reduce that restitution judgment to $0, claiming that she is "destitute, disabled, and unable to pay the restitution now or in the future."[1] The government opposes her request, arguing that Boonlert's financial status is irrelevant because restitution is mandatory "without regard to a defendant's economic situation" under current law. Because the governing law makes Boonlert's current finances irrelevant, I deny her request to reduce her restitution obligation.

**Discussion**

The Mandatory Victims Restitution Act (MVRA), first enacted in 1994, makes restitution a mandatory consequence of conviction for "an offense against property . . . including any offense committed by fraud or deceit."[2] Although the court must take into account the

---

[1] ECF No. 214 at 1.

[2] 18 U.S.C. § 3663A(c)(1)(A)(ii); 18 U.S.C. § 3664(f)(1)(A) ("[T]he court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant."); *see also United States v.*

defendant's financial resources, financial obligations, and projected earnings and other income when fashioning the manner and schedule of payments, the MVRA mandates an award of restitution regardless of the defendant's financial status.[3] Before Congress signed the MVRA into law, the primary statutory scheme governing restitution in federal criminal cases was the Victim Witness Protection Act (VWPA), which mandated restitution as a consequence of conviction for a narrower set of crimes and directed courts to consider the financial resources of the defendant when determining whether to order restitution.[4]

Here, Boonlert's challenge to her restitution obligation relies on Ninth Circuit cases decided before the MVRA was enacted. She relies on these cases to support the proposition that district courts must consider the defendant's ability to pay restitution at sentencing. But, as the Ninth Circuit has held after the MVRA's passage, the imposition of restitution is mandatory, "without regard to a defendant's economic situation."[5] While the VWPA required that the financial resources of the defendant be considered in determining restitution obligations, the MVRA (the current law) does not. The MVRA took effect long before I sentenced Boonlert, and she has made no argument that this statutory scheme does not apply.

---

*Dubose*, 146 F.3d 1141, 1143 (9th Cir. 1998); *United States v. Bond*, 309 F.App'x 205, 206 (9th Cir. 2009) (unpublished).

[3] *See* 18 U.S.C. § 3664(d)(3), (f)(2).

[4] Cong. Rsch. Serv., RL34138, Restitution in Federal Criminal Cases 3 (2019).

[5] *United States v. Dubose*, 146 F.3d 1141, 1143 (9th Cir. 1998); *United States v. Van Alstyne*, 584 F.3d 803, 820 n.17 (9th Cir. 2009) (clarifying that the MVRA amended §§ 3663 and 3664 and suggesting that the court's use of the pre-MVRA versus the post-MVRA framework would change the makeup of the restitution order); *United States v. Bond*, 309 F. App'x 205, 206 (9th Cir. 2009) (explaining that the defendant's argument that "the district court erred in requiring him to pay restitution due to his financial condition" was improper because "[t]he case relied on by [the defendant] stating the contrary was decided prior to the MVRA's passage.") (cleaned up) (unpublished).

Imposing restitution was mandatory at the time of Boonlert's sentencing, and I cannot reduce Boonlert's restitution obligation now. The MVRA also provides that restitution orders constitute final orders.[6] They may be later corrected, modified, or appealed.[7] But that does not mean district courts can reduce a restitution order in the absence of specific authority. The statutory scheme expressly allows courts to "relax the 'manner' of payment based on the defendant's financial resources" but says nothing about a belated reduction in the amount of restitution ordered.[8] The Ninth Circuit has held that, under the MVRA, district courts cannot reduce or offset a defendant's obligations related to forfeited funds not paid to victims.[9] Several other circuits have interpreted this language as denying district courts the ability to reduce the amount of restitution that a defendant owes in the absence of specific authority.[10]

---

[6] 18 U.S.C. § 3664(o).

[7] *Id.* ("A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that- (1) such a sentence can subsequently be— (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title; (B) appealed and modified under section 3742; (C) amended under subsection (d)(5); or (D) adjusted under section 3664(k), 3572, or 3613A; or (2) the defendant may be resentenced under section 3565 or 3614."); *Dolan v. United States*, 560 U.S. 605, 618 (2010); *United States v. Johnson*, 875 F.3d 422, 424 (9th Cir. 2017).

[8] 18 U.S.C. § 3664(f).

[9] *United States v. Bright*, 353 F.3d 1114, 1120 (9th Cir. 2004).

[10] *See e.g.*, *United States v. Wyss*, 744 F.3d 1214, 1219 (10th Cir. 2014); *United States v. Newsome*, 322 F.3d 328, 341 (4th Cir. 2003); *United States v. Sizemore*, 850 F.3d 821, 829 (6th Cir. 2017); *United States v. Banks*, 62 F. Supp. 3d 125, 133 (D.D.C. 2014).

**Conclusion**

Because Boonlert's motion relies on outdated law and Boonlert has not presented any specific authority justifying a reduction in her restitution amount,  IT IS THEREFORE ORDERED that Ladda Boonlert's motion to reduce restitution **[ECF No. 214] is DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
October 29, 2024